**PSM-225** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2879
_____

RUSSELL STEEDLEY,
                                        Appellant

v.

JAMES MCBRIDE, RMD; CORRECTIONAL MEDICAL SERVICES;
RICHARD KERNEY, BUREAU CHIEF FOR DEPARTMENT OF CORRECTIONS;
DR. RIVERA, PHYSICIAN FOR THE DOC
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00215)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1 (a)
September 23, 2011
Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 4, 2011)
_____

OPINION
_____

PER CURIAM

Russell Steedley, a pro se plaintiff incarcerated at the James T. Vaughn

Correctional Center in Delaware, filed suit in March 2010, accusing the defendants—

Correctional Medical Services ("CMS") and its acting Regional Medical Director, James

McBride—of failing to adequately test or otherwise treat two large lumps on his body, lumps which he (and several medical professionals) worried could pose a serious health risk. Steedley requested injunctive relief in the form of a surgical procedure to remove the lumps or authorization of tests previously approved by medical staff,[1] compensatory damages (the "cost of litigation," which he estimated to be $5,000), and punitive damages. Attached to his complaint were several additional submissions and motions, the content of which expanded upon the allegations contained in his short complaint: a motion for appointment of counsel, ECF No. 3; a motion for a preliminary injunction, asking the District Court to compel CMS to provide the requested care, ECF No. 4; a memorandum of law in support of his injunction request, ECF No. 6; and numerous affidavits and other documents collected into an appendix. Steedley filed an amended complaint several months later.

On June 1, 2010, the District Court sua sponte dismissed the case as frivolous. "Even when reading the [original] complaint in the most favorable light to Steedley," the Court determined, "he fails to state an actionable constitutional claim against defendants for deliberate indifference to a serious medical need." Op. 5, ECF No. 14. Steedley's "disagreement [with the medical treatment he received] . . . does not transfer into a constitutional violation by the defendants. Moreover, the allegations fall under the aegis

---

[1] The Appellees state that CMS "no longer provide[s] medical care to the Delaware Department of Corrections." Br. of Appellees 2; see also Esteban Parra, New Deals to Change Health Care in Prisons, News J. (Del.), May 5, 2010, *available at* http://www.doc.delaware.gov/news/10press0505.pdf. Should this be true, Steedley's requests for injunctive relief would be moot, with the defendants no longer able to provide the medical relief he seeks.

of a medical malpractice/negligence claim, rather than deliberate indifference." Id. The District Court declined to grant leave to amend on the ground of futility. Its order denied as moot Steedley's request for counsel and his motion for a preliminary injunction. The amended complaint, filed a few days earlier, was not discussed in the opinion or order. Steedley appealed.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of the District Court's dismissal. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In conducting our review, we are required to accept all well-pleaded allegations as true and draw all reasonable inferences in Steedley's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). In determining whether a complaint should be dismissed, we rely on "the complaint, attached exhibits, and matters of public record," Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), which "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203,

---

[2] Steedley also filed a timely motion for reconsideration, which was denied. As he did not file a new or amended notice of appeal, as is required by Fed. R. App. P. 4(a)(4)(B)(ii), we will not address the denial of reconsideration. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

211 (3d Cir. 2009). Blanket assertions and conclusory statements are not well-pleaded factual allegations, and by themselves do not suffice to show a claim to relief that rises above the speculative level. See Renfro v. Unisys Corp., ___ F.3d ___, 2011 WL 3630121, at *3 (3d. Cir. Aug. 19, 2011, No. 10–2447) (quotations and citations omitted).

Steedley primarily claimed that the defendants violated his Eighth Amendment rights by failing to treat the two lumps he has on his body. Such an allegation requires a showing of the defendants' deliberate indifference to a serious medical need; under this standard, allegations of mere negligence or malpractice are insufficient. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Steedley attempted to allege deliberate indifference in two ways. First, he claimed that the various necessary medical procedures that were authorized by his physicians, but that never came to pass, were denied by the defendants for the non-medical reason of controlling budget expenditures. See, e.g., Memo. Of Law in Supp. Of Pl.'s Mot. For Prelim. Inj. 1. Second, he alleged that the medical path taken amounted to an "easier and less efficacious form of treatment," prohibited by our decision in West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978).

With regard to the first ground, we agree with the Appellees[3] that Steedley has failed to bridge the gap between the possible and the plausible. Throughout his submissions, he repeatedly claims that care was denied for the non-medical reason of

---

[3] Despite not participating below, the defendants-Appellees submitted a brief on appeal.

expense, a possible demonstration of deliberate indifference. See Rouse, 182 F.3d at 197. But this claim is not supported by pleaded facts. Steedley alludes to a CMS "custom . . . strictly grounded in saving money" by which it "den[ies] . . . patients access to experts"; makes reference to "cost-saving tactics," designed to "turn a profit"; and includes affidavits from other inmates that are intended to show the effects of these tactics. Outside of a few isolated statements that are lacking in context, and one direct statement that does not appear to match its citation,[4] all of the complaint's references to cost-saving practices are conclusory and, as such, cannot suffice to state a claim. With regard to the second ground, Steedley has not alleged that the treatment he received was "less efficacious" on the level that we found unacceptable in Keve, a case in which aspirin as the sole source of post-operative pain management sufficed to state a claim of deliberate indifference. See Keve, 571 F.2d at 162. In sum, we agree with the District Court and the Appellees: Steedley's complaint contains, at best, a disagreement over care received and allegations of professional malpractice, neither of which suffices to state a claim under the Eighth Amendment. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

We disagree, however, that granting leave to amend would necessarily be futile. Both the District Court and the Appellees suggest that Steedley has received continuous, adequate treatment, but Steedley refers to concern and, at times, alarm from his treating

---

[4] In his preliminary injunction memorandum, Steedley refers to a Doctor Najera, who had observed that a certain procedure was denied "probably due to it's [sic] cost." Steedley cites "App. 17" in support, but that document—a "Surgical Consultation" report— contains no such statement.

5

physicians over preventative procedures that were prescribed but never delivered. These statements could suggest that something was amiss; furthermore, were he to plead better factual support for his budgetary claims, Steedley might be able to nudge his allegations across the line of plausibility.[5] Accordingly, we conclude that the District Court should have granted Steedley leave to amend his complaint after advising him that, in its present state, it was subject to dismissal. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We will therefore vacate the judgment and remand for further proceedings.[6]

---

[5] Moreover, Steedley implies that the denial of medical treatment might stem from retaliation, due to previous lawsuits he filed against CMS. He did not develop that accusation; as we remand so that he may amend his complaint, we need not discuss it further at this time.

[6] Steedley must decide whether he wishes to proceed using the amended complaint he has already submitted or whether he wishes to (promptly) prepare a new amended complaint.